95 F.3d 1169
 40 U.S.P.Q.2d 1860
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SWEDE INDUSTRIES, INC., Plaintiff-Appellant,
v.
ZEBCO CORPORATION and Brunswick Corporation,
Defendants/Cross Appellants.
 Nos. 95-1256, 95-1285.
 United States Court of Appeals, Federal Circuit.
 Aug. 23, 1996.
 
 Before RICH, MICHEL, and PLAGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 
 1
 In this patent infringement action Swede Industries, Inc. ("Swede") charged Brunswick Corporation and its wholly-owned subsidiary, Zebco Corporation (collectively "Zebco"), with infringement of Swede's U.S. Patent No. 4,961,547 (" '547 utility patent") and U.S. Patent No. Des. 307,621 (" '621 design patent"). Both parties appeal from the decision of the United States District Court for the Northern District of Oklahoma, No. 90-C-596-K, holding that both patents were not infringed and not proven invalid, and ordering a correction of inventorship of the '621 design patent. We affirm.
 
 BACKGROUND
 
 2
 Bob Peterson, a former Zebco employee, formed Swede and sought to develop his own fishing reel. In April 1987, Peterson engaged Baugh Designs, Inc., to prepare drawings of fishing reel designs. Baugh Designs prepared nineteen drawings, from which Peterson chose one design that became the basis of the '621 design patent. The '621 design patent claims an ornamental design for a streamlined fishing reel; it issued on May 1, 1990.
 
 
 3
 Peterson then sought to make an operative spincast reel out of the chosen ornamental design, which consists of a non-round, elliptical housing. A spincast reel includes a spinner head, which encompasses a spool on which the fishing line is wound. A pick-up pin, normally in a retracted position while the fishing line is cast, is extended outwardly from the spinner head to wind the line on the spool. To wind the fishing line on the spool the pickup pin must rotate in close tolerance to the interior surface of the housing. Peterson and a co-inventor developed a "speed cone," a rounded internal housing connected to the elliptical outer housing. This allows the pick-up pin to rotate in close tolerance to a round housing located inside of the ornamental outer housing. For this invention the '547 utility patent was issued on October 9, 1990.
 
 
 4
 Swede's complaint charges Zebco with infringing the '621 design patent and the '547 utility patent by making, using, and selling six models of the Zebco "BULLET" spincast reel. Swede appeals from the district court's decision that the '621 design patent and '547 utility patent were not infringed. Zebco cross-appeals from the district court's decision that the patents were not proven invalid.
 
 DISCUSSION
 A. Design Patent
 
 5
 In an earlier decision, this court remanded the case to the district court with instructions to apply the appropriate test for design patent infringement. Swede Indus., Inc. v. Zebco Corp., No. 93-1403, 26 F.3d 138 (table), 1994 WL 124024 (Fed.Cir. Apr. 12, 1994) (nonprecedential) (citing Gorham Co. v. White, 81 U.S. (14 Wall.) 511 (1872)). We explained that "[t]his test focuses on substantial similarity between the accused and claimed designs from the vantage point of an ordinary observer [and] requires the patentee to show that the accused device appropriates the features which distinguish the patent from the prior art, not simply features already in the public domain." Id.
 
 
 6
 At a bench trial, the district court heard testimony from industrial designers, including Mark Kimbrough, an employee of Baugh Designs who prepared the drawing that became the basis of the '621 design patent. The court viewed the shape of the BULLET reels and compared that shape to the shape of the fishing reel in the '621 design patent. The court found that "a hypothetical ordinary observer ... would not find the reel design in the '621 patent and the BULLET reels['] resemblance to be such as to deceive an observer, inducing him to purchase the BULLET reel believing it to be the reel design in the '621 patent." The trial court also found that Swede failed to meet its burden of showing that the BULLET reels incorporate the novelty in the '621 patent that distinguished the '621 patent from the prior art. The court therefore concluded that the '621 design patent is not infringed by the BULLET reels. Based on our review of the record, we find no clear error in the district court's decision regarding design patent infringement. See, e.g., L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1124, 25 USPQ2d 1913, 1918 (Fed.Cir.) ("[d]esign patent infringement is a question of fact"), cert. denied, 510 U.S. 908 (1993).
 
 
 7
 Swede argues that the court erred in sustaining Zebco's hearsay objections to witnesses' testimony relating to the similarity between Swede's commercial reels and Zebco's BULLET reels. We review evidentiary rulings for abuse of discretion, a highly deferential standard, Roton Barrier, Inc. v. Stanley Works, 79 F.3d 1112, 1122, 37 USPQ2d 1816, 1824 (Fed.Cir.1996), and we cannot say that the district court abused its discretion in making these rulings.
 
 
 8
 Zebco contends that the '621 design patent is invalid for failure to name the correct inventive entity. A district court may order the Commissioner of Patents and Trademarks to add the name of an inventor to a patent if the inventor's name was omitted by the applicant through error without deceptive intent. 35 U.S.C. § 256 (1994). All patents are presumed valid, 35 U.S.C. § 282 (1994), and "the party asserting invalidity must overcome this presumption by clear and convincing evidence." Intel Corp. v. United States Int'l Trade Comm'n, 946 F.2d 821, 834, 20 USPQ2d 1161, 1172 (Fed.Cir.1991). The court found that Peterson was not the sole inventor of the '621 patent, and it ordered the Commissioner to recognize Mark Kimbrough as a co-inventor, pursuant to 35 U.S.C. § 256. We agree with the district court that Zebco did not present clear and convincing evidence sufficient to overcome the presumption of validity of the '621 design patent.
 
 B. Utility Patent
 
 9
 Swede alleges that Zebco infringes claims 1, 4, 5, 7, 11, and 12 of the '547 utility patent. Each of these claims recites a fishing reel including a reel body, a cone means, and an outer housing removably supported relative to the reel body, the outer housing encompassing and spaced from the cone means. The district court determined that the limitation "spaced from" indicates that the cone means is separated from and independent of the outer housing. The court found that the accused BULLET reels include a front cover insert that is not "spaced from" the housing. The court found that the insert conforms to, depends on, and is permanently adhered to the housing by glue and crush ribs. As a consequence, the district court found no literal infringement of the '547 patent.
 
 
 10
 As to infringement under the doctrine of equivalents, the district court found that the attachment of the Zebco reel front cover insert to the housing was not substantially equivalent to the claim limitation of an outer housing spaced from a cone means. The court noted that during prosecution of the '547 patent, claim 1 (the only independent claim at issue) was amended to add the "spaced from" limitation to distinguish a prior art patent. In the remarks section of the amendment, Swede noted that "[p]erhaps the greatest distinction over the [cited prior art] is the fact that Applicant's cone means ... is separated and spaced from the outer housing." We agree with the district court that the "spaced from" claim limitation requires the cone means to be separated and spaced from the outer housing. Given that interpretation, the district court's findings that the accused BULLET reels do not infringe the '547 utility patent, either literally or under the doctrine of equivalents, are not clearly erroneous.
 
 
 11
 Zebco contends that the '547 utility patent is invalid under 35 U.S.C. §§ 102(b) or 103 because Zebco offered for sale, prior to the critical date, fishing reels that consisted of conventional Zebco reels with an outer cover shaped like a beer or soda can. Zebco's position is that the front cover of the conventional reel is the speed cone of the '547 utility patent and that the can is the outer housing. The district court found that Zebco failed to meet its burden of proof on invalidity. The court found that the can reels were experimental, that insufficient testing was done to verify operability, and that Zebco attempted to sell a concept for an invention, but did not place an operable invention within the public domain. We agree that Zebco failed to meet its burden of proof on invalidity.
 
 CONCLUSION
 
 12
 For all of the foregoing reasons, we affirm the decision of the district court.
 
 COSTS
 
 13
 Each party to bear its own costs.